**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAMON RAMON MARTINEZ,

    Defendant - Appellant.

No. 19-1389
(D.C. No. 1:18-CR-00522-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **EBEL**, and **CARSON**, Circuit Judges.
_____

We return to the familiar subject of supervised-release conditions, this time examining the District of Colorado's post-*Cabral* version of Standard Condition 12. Under this condition, a probation officer may, after getting the district court's approval, (1) notify third parties of risks presented by a defendant or (2) direct the defendant to notify the third parties. Damon Martinez argues that post-sentencing risk notification under Standard Condition 12 would be a modification of his supervised-release conditions and thus require the district court to hold a hearing under Federal Rule of Criminal Procedure 32.1(c) before approving any risk notification. Under the prudential-

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ripeness doctrine, we decline to reach this argument because it requires factual development. As a secondary issue, Martinez contends that the district court erred in treating two of his earlier felony convictions as crimes of violence, which increased his advisory imprisonment range. He concedes that existing circuit precedent forecloses his argument and raises it now to preserve it for further appellate review. Accordingly, we dismiss Martinez's appeal on the first argument and affirm the district court on the second argument.

## I.       Background

Damon Martinez violated his state parole arising from his Colorado felony robbery conviction. State correctional officials tracked him to a location and minutes later stopped his car. After finding drugs on him, the officials searched his car and found more drugs and a loaded firearm. A federal grand jury indicted him on a charge of felon in possession of a firearm, and Martinez pleaded guilty. The probation office prepared and revised a presentence report ("PSR"). In the district court, Martinez objected to the PSR's recommendation that the court impose the District of Colorado's Standard Condition of Supervised Release 12. The district court denied the objection, and Martinez now appeals.

## II.      Discussion

Under the District of Colorado's Standard Condition 12, a probation officer may after getting the district court's approval (1) notify third parties of risks presented by a defendant or (2) direct the defendant to notify the third parties of the risks. But as Martinez points out, this version of Standard Condition 12 doesn't answer whether the

2

later risk notification is a "modification" of supervised-release conditions. If it is,

Martinez would have a right to a counseled hearing under Fed. R. Crim. P. 32.1(c)[1]

before the district court approved any risk notification. Martinez asks not that we strike

down Standard Condition 12 but that we interpret it as being subject to Rule 32.1(c). We

conclude that Martinez has failed to satisfy the prudential-ripeness doctrine for this claim

and decline to reach its merits.

### A.     Prudential-Ripeness Doctrine

"We review the issue of ripeness de novo." *Roe No. 2. v. Ogden*, 253 F.3d 1225,

1231 (10th Cir. 2001). "Even when an appeal satisfies Article III's 'case or controversy'

requirement, we may still decline to review it under the prudential ripeness doctrine,"

which "turns on two factors: (1) 'the fitness of the issue for judicial review,' and (2) 'the

hardship to the parties from withholding review.'" *United States v. Cabral*, 926 F.3d 687,

693 (10th Cir. 2019) (quoting *United States v. Bennett*, 823 F.3d 1316, 1326 (10th Cir.

2016)). In addressing prudential ripeness, the parties rely primarily on *United States v.*

---

[1] This Rule reads as follows:

**(c) Modification.**
    **(1) In General.** Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
        **(2) Exceptions.** A hearing is not required if:
            **(A)** the person waives the hearing; or
            **(B)** the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
            **(C)** an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

*Cabral*. So we review that case before turning to Martinez's claim.

### 1.   *United States v. Cabral*

In *Cabral*, this court examined the District of Colorado's pre-2019 version of Standard Condition 12.[2] That version read as follows:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

926 F.3d at 691.[3] Cabral contested this condition on two grounds: (1) that the risk-notification provision was unconstitutionally vague, and (2) that the "condition improperly delegate[d] judicial power to a probation officer to decide the scope of the 'risk' that should trigger the notification requirement, thereby delegating the power to 'decide the nature or extent of [Mr. Cabral's] punishment.'" *Id*. at 692–93 (quoting Cabral's opening brief). This court concluded that the vagueness challenge was unripe for review but that the improper-delegation challenge was ripe for review. *Id*. at 693–94.

---

[2] On July 16, 2019, the District of Colorado amended its version of Standard Condition 12 in response to *Cabral*.

[3] This condition is the substantial equivalent of U.S.S.G. § 5B1.3(c)(12) (2018), which reads as follows:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

4

We declined to review Cabral's vagueness challenge to the District of Colorado's pre-2019 version of Standard Condition 12 after concluding that the challenge wasn't fit for review and that Cabral would face little hardship from our withholding review.

In deciding whether an issue is fit for judicial review, "we focus on whether the determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed." *Id*. at 693 (quoting *United States v. Ford*, 882 F.3d 1279, 1283 (10th Cir. 2018)). In *Cabral*, we held that the vagueness challenge was not fit for judicial review, because "it would be virtually impossible to resolve [it] without factual development." *Id*. at 694. In this regard, we noted that "we do not know how (or even whether) the probation officer would choose to enforce the risk-notification condition." *Id*. And "[e]ven if we could resolve this pre-enforcement challenge, as a pure question of law, our precedent strongly disfavors challenges to supervised-release conditions that might never be applied." *Id*. Thus, Cabral's vagueness challenge wasn't fit for review "[b]ecause the scenarios Mr. Cabral alludes to may not occur as anticipated, or indeed may not occur at all, depending on the probation officer's future decisions[.]" *Id*. (internal quotation marks and citations omitted).

In support, we relied on two cases in which the uncertainty of future events led us to rule that arguments were unfit for review. *Id*. at 695. In the first, *United States v. Ford*, 882 F.3d 1279 (10th Cir. 2018), we held that a supervised-release challenge regarding polygraph examination was unripe because it was "contingent on the decision of a different actor." *Id*. (quoting *Ford*, 882 F.3d at 1286). And in the second, *United States v. Bennett*, 823 F.3d 1316 (10th Cir. 2016), we held that a supervised-release challenge to a

plethysmograph-testing condition was unripe "where a 'treatment provider must evaluate [the defendant] and find that testing is appropriate' before the testing could be imposed." *Id.* (quoting *Bennett*, 823 F.3d at 1327).

In assessing whether Cabral would suffer hardship from our withholding review, we considered whether he would "'face a direct and immediate dilemma' arising from the supervised-release condition he is challenging." *Cabral*, 926 F.3d at 693 (quoting *Bennett*, 823 F.3d at 1328). We concluded that "Mr. Cabral will face little hardship if we decline to review [his vagueness challenge] now." *Id.* at 694. Indeed, we noted that Cabral's dilemma—whether to comply with a risk-notification directive—would arise "only if his probation officer directs him to notify someone." *Id.* at 695. Though we acknowledged that, by later ordering Cabral to notify third parties of risk, a probation officer could exercise "broad power to infringe on Mr. Cabral's rights," we agreed with the government that those scenarios had not occurred and may never occur. *Id.* Echoing *Ford*, we declared that "[w]hen a condition of supervised release is, by its own terms, contingent on the decision of a different actor" "that condition is not ripe for immediate review." *Id.* (quoting *Ford,* 882 F.3d at 1286). We stated that "[t]his holds true even if the *potential* hardship is significant, and even if the challenge could theoretically be analyzed without waiting for its application." *Id.* (citing *Ford*, 882 F.3d at 1286–87).

In his second challenge, Cabral argued that the District of Colorado's pre-2019 version of Standard Condition 12 improperly delegated to the probation officer the power to define terms such as "risk" and thus to "determine what conduct the condition proscribes and when it will be enforced." *Id.* at 697. We held that this challenge was ripe

6

for review. *Id*. In support, we noted that this issue "presents 'a legal [question] that can be easily resolved' without additional factual development." *Id*. at 696 (quoting *Ford*, 882 F.3d at 1284). Unlike with the potential polygraph testing in *Ford*, we observed that "Mr. Cabral is challenging the already-realized delegation of judicial power to a probation officer, not merely some hypothetical future violation that delegation might allow." *Id*. In other words, the improper delegation was complete when the court imposed Standard Condition 12: "The district court's delegation to the probation officer occurred at the moment the district court tasked the probation officer with assessing Mr. Cabral's risk and did so without meaningful direction." *Id*. The propriety of the delegation did not "depend on how (or even whether) the probation officer might later choose to wield the delegated power." *Id*. Thus, we ruled that "the question whether the risk notification condition improperly delegated judicial power is presently fit for judicial review." *Id*.

In view of this, we concluded that "[t]he burden Mr. Cabral would face if we do not consider his challenge now weighs at least slightly in favor of review." *Id*. Though recognizing that Cabral would suffer no hardship unless the probation officer invoked the risk-notification condition, we noted that Cabral could challenge the condition after that "only without the benefit of appointed counsel or 'risk re-incarceration' by violating the condition." *Id*. at 696–97 (quoting *Ford*, 882 F.3d at 1284). We distinguished *Ford* on grounds that Cabral had presented a "pure improper-delegation challenge." In this circumstance, which did not require factual development, we found sufficient hardship from the possibility that Cabral would later have to hire counsel or proceed pro se to challenge the condition. *Id*. at 697.

7

### 2. Martinez's Case

Martinez fails to satisfy either of the two prongs on which our prudential-ripeness inquiry turns.

Martinez argues that his Rule 32.1(c) argument is fit for review like Cabral's improper-delegation argument was. We disagree. In *Cabral*, as noted, we found it important that the delegation was complete at the instant the district court imposed the District of Colorado's pre-2019 Standard Condition 12. *See* 926 F.3d at 696. In contrast, Martinez's Rule 32.1(c) argument, like Cabral's vagueness argument, requires factual development on several points: (1) whether the probation officer will determine that Martinez presents a risk to a third party; (2) whether the probation officer will determine that the risk merits notifying the third party of it; (3) whether the probation officer will request that the district court approve the probation officer's ordering Martinez to notify

the third party of the risk[4]; (4) whether the district court will agree with the probation officer and approve the probation officer's ordering Martinez to notify the third party of the risks; and (5) whether the district court will give this approval without holding a Rule 32.1(c) hearing.[5] In short, Martinez's Rule 32.1(c) issue is not fit for review for the same reasons that Cabral's vagueness condition was not yet fit for review. *See* 926 F.3d at 694–95.

Second, Martinez argues that he will suffer hardship if we decline to decide the merits of his argument now. But Martinez's hardship argument fails for the same reason that Cabral's did on his vagueness argument. In *Cabral*, we concluded that the vagueness challenge didn't present sufficient hardship, even though Cabral would later "suffer a

---

[4] We agree with the government that any risk notification to third parties by the probation officer wouldn't constitute a condition of Martinez's supervised release. Simply put, it wouldn't compel Martinez to do anything or expose him to revocation of supervised release. In fact, the District of Colorado's pre-*Cabral* version of Standard Condition 12 didn't require the probation officer to get the district court's approval before personally notifying third parties of a defendant's risks. But its post-*Cabral* version does:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may*, after obtaining Court approval, notify the person about the risk or* require you to notify ~~that~~ *the* person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Vol. 1 at 117 (post-*Cabral* language italicized). If it chooses to do so, a district court can require its pre-approval before probation officers themselves notify third parties of a defendant's risks. But nothing in § 5B1.3(c)(12) or *Cabral* requires that.

[5] Because we resolve this issue on prudential-ripeness grounds, we need not address whether risk-notification approval must comport with Rule 32.1(c).

burden from the lack of appointed counsel to challenge the condition." 926 F.3d at 696. So too here.

**B.      U.S.S.G. § 4B1.2 Crimes of Violence**

Martinez contends that Application Note 1 to U.S.S.G. § 4B1.2 runs counter to the guideline text by defining "crime of violence" as including attempts and conspiracies to commit those offenses. Martinez seeks to preserve the issue of whether his felony convictions for attempted robbery and conspiracy to commit menacing with a deadly weapon qualify as crimes of violence, but he acknowledges that we cannot now accept such an argument. Absent a contrary Supreme Court ruling or en banc ruling from our court, we must abide our earlier decision that Application Note 1 is a permissible interpretation of § 4B1.2(a). *See United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010).

## CONCLUSION

We dismiss Martinez's challenge to Standard Condition 12 as prudentially unripe and affirm the district court's crime-of-violence findings and sentence.

Entered for the Court

Gregory A. Phillips
Circuit Judge